# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| KATHY LEE BLAKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07-3189-CV-S-WAK |
| TYSON FOODS, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

In June 2007, plaintiff Kathy Lee Blake filed her pro se civil complaint asserting that defendant Tyson Foods, Inc., "had no right to fire me because I can't spell or write good." (Doc. 1-3 at 2.) Defendant has now filed a motion for summary judgment and plaintiff has responded in opposition. The court notes plaintiff did not submit any evidence in support of her claim or to refute the statement of facts set forth in defendant's motion.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

Plaintiff's complaint appears to be brought under 42 U.S.C. § 12101 et seq., commonly known as the Americans with Disabilities Act (ADA).  She states she has a learning disability and was fired as a result.

The uncontroverted facts set forth in defendant's motion, which plaintiff does not appear to dispute, are summarized below.

Plaintiff graduated from high school in Wisconsin.  Her teachers told her she had a learning disability and that she had a fifth or sixth grade reading and math level.  She is not aware of the precise nature of her disability and cannot remember any formal assessment being made.

After graduation, she worked as a cook at a fast food restaurant for approximately eight years.  She was left in charge of the restaurant on some occasions when the manager was not present.  For the next ten or eleven years, plaintiff owned and operated a day care business, and she obtained her day care certification from a vocational technical college in Wisconsin.

In 1997, Blake went to work for Hudson Foods, Inc., in Noel, Missouri.  Tyson acquired the facility in 1998 and hired plaintiff as a Tyson employee.  Her duties generally involved packaging chicken breasts and chicken tenders on a processing line.  On occasion, she worked in the department where she cut up the meat.  Her last job was working as a packer on the chicken tender line.

When plaintiff was initially hired at the Noel facility, she did not disclose a disability on the employment documents.[1] Plaintiff states in her deposition, however, that she told Cammi Smith during her employment interview for Hudson that she had a learning disability. Plaintiff recalls that Smith told her it wouldn't matter, because she wouldn't need to read or write for the job. During her employment, she satisfactorily performed her work and did not seek any accommodations.

On a couple of occasions, plaintiff's supervisors talked with her about promotions to a lead person or supervisor position, but plaintiff declined those jobs because she didn't believe she could do the paperwork involved. Plaintiff did not testify that she was treated any differently after those discussions.

During her employment, plaintiff experienced some recurring bladder and kidney infections, and she was granted intermittent medical leave under the Family and Medical Leave Act. When her absences were properly documented, she was considered excused from work and not assessed attendance points.

In July 2006, plaintiff worked at a machine that malfunctioned and she became soaked in a wet marinade. She developed a rash and hives and sought medical treatment. While at the doctor's office on one occasion, she requested a note excusing her for work. She received a treatment note that released her for work the following day. Plaintiff noted it did not state that the rash was a reoccurring condition.

When plaintiff turned the note into Tyson, a handwritten parenthetical was on the second line, and it appeared to state "recurry condition." Tyson questioned the clinic's note and called the clinic. They also faxed a copy to the clinic. No one at the clinic acknowledged having written the reoccurring condition language on the note.

Plaintiff was then called to Tyson's office and suspended for three days pending an investigation, because there was concern the note had been falsified. Two Tyson employees

---

[1] One of the forms specifically asked if the applicant was disabled and if any accommodations might be needed.

3

took the note the following day to the doctor's clinic, and the physician, the nurse and the receptionist denied having added the parenthetical language.

Tyson requested a written statement from plaintiff, who continued to assert that the additional language had been added by clinic personnel when she requested it after noticing that the language was missing. Tyson did not accept plaintiff's explanation as true, and plaintiff was fired from her job, effective August 3, 2006.

Since losing her job at Tyson, plaintiff has obtained other employment.

To plaintiff's knowledge, the people at the Noel facility who knew of her learning disability did not treat her differently or subject her to jokes, ridicule or derogatory comments because of her disability. Likewise, she did not see them exhibit prejudice or bias against other persons with learning disabilities.

Plaintiff appears to believe a statement made to her about a misspelling on the note parenthetical shows disability discrimination. She stated in her deposition that Laura Ritter commented to her that the falsified note had handwriting similar to plaintiff's, and that the person who wrote it couldn't spell, while a doctor had years of college.

To establish a prima facie case of employment discrimination under the ADA, plaintiff must show (1) that she has a disability within the meaning of the ADA, (2) that she was qualified to perform the essential functions of her job, with or without accommodations, and (3) that she suffered an adverse employment action because of her disability. Epps v. City of Pine Lawn, 353 F.3d 588, 591 (8th Cir. 2003).

Defendant asserts plaintiff cannot show (1) she was actually disabled within the meaning of the ADA, (2) defendant perceived her to be disabled, or (3) Tyson did not have a legitimate, nondiscriminatory reason for firing her. In response, plaintiff asks the court not to dismiss her case. She indicates she gave Tyson information from her school, but cannot produce records from her doctor who has died. She wants to be heard by a jury.

An employment discrimination case such as this is analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). "Under this framework, the plaintiff has the initial burden of establishing a prima facie case of unlawful discrimination, after which the defendant has the burden of articulating a legitimate

4

nondiscriminatory reason for its action, following which the plaintiff has the burden of producing sufficient evidence to allow a reasonable factfinder to conclude that the defendant's asserted reason is not the true, legitimate reason but a pretext for discrimination." Edmund v. Midamerican Energy Co., 299 F.3d 679, 683 (8th Cir. 2002). At all times, however, the plaintiff has the ultimate burden of persuading a reasonable fact-finder that defendant intentionally discriminated against her. Id.

Here, plaintiff has not shown she can come forward with evidence that she is actually disabled within the meaning of the ADA or that defendant perceived her to be disabled. Her record clearly demonstrates her ability to work, and offers of promotion by Tyson suggest Tyson did not consider her to be disabled. Plaintiff testified that she was not treated differently because of her disability by the people she told about it, such as her supervisors. She was not made fun of, ridiculed, or otherwise subjected to unkind comments or actions because of her learning disability.

Plaintiff's deposition testimony indicates the only time Tyson discriminated against her is when personnel didn't believe her version of the facts relating to the doctor's note. She implies through that testimony and her pleadings that if she didn't have a learning disability, they would have better investigated the facts and believed her. Plaintiff places a great deal of emphasis on the misspelling in the note and the comment made by Laura Ritter about a doctor's education. She has given limited credibility to Tyson's contacting the doctor's office, on at least two occasions, to determine whether the parenthetical was, in fact, written by someone in that office, and she has come forward with no evidence to show the given reason for her discharge was merely a pretext for unlawful discrimination.

Even if the court assumes plaintiff has made out a prima facie case of unlawful discrimination, which is doubtful, defendant has met its burden of setting forth a legitimate nondiscriminatory reason for plaintiff's discharge. Even if Tyson was wrong in its conclusion that plaintiff falsified the document, Tyson is entitled to judgment unless plaintiff has evidence from which a jury could be persuaded that the reason was a pretext for disability discrimination.

5

"'Title VII does not prohibit employment decisions based upon . . . erroneous evaluations.' Employers are free to make employment decisions based upon mistaken evaluations, personal conflicts between employees, or even unsound business practices. Federal courts do not sit as 'super personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination.'" Edmund v. Midamerican Energy Co., 229 F.3d at 685-86 (internal citations omitted).

The court or trier-of-fact is not free to determine whether the decision made by Tyson was based upon accurate facts. What is at issue is whether the reason given was merely an excuse to cover for the real reason, unlawful disability discrimination. Here, plaintiff has not come forward with evidence to support that conclusion.

Accordingly, plaintiff has failed to establish that there are genuine issues of material fact for trial and defendant is entitled to judgment. It is, therefore,

ORDERED that defendant's motion of October 15, 2008, for summary judgment is granted and this case is dismissed. [22]

Dated this 10th day of December, 2008, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge